## EX PARTE RICHARD ANDERSON.

*No. 995.  Decided December 8.*

**Sick County Convict Entitled to be Discharged, When.**—By provision of article 3595, Revised Statutes, a county convict who, from age or other disability, physical or mental, is unable to perform manual labor, shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged at the rate of $1 for each day of such confinement in jail. *Held*, that a sick convict whose imprisonment at the rate of $1 per day amounts to a sum equal to the fine and costs adjudged against him, is entitled to a discharge from further custody.

APPEAL from the County Court of Milam.  Tried below before Hon. E. B. MUSE, County Judge.

Richard Anderson was, on the 4th day of May, 1894, convicted in the District Court of Milam County of theft under the value of $20, and his punishment assessed at confinement in the county jail for one day, and a fine of $25.

On the 8th day of May, 1894, in default of payment of said fine and costs, amounting to the sum of $69.90, Anderson was sent to the Milam County farm, the superintendent of which is one John T. Arnold.  On June 19, 1894, Anderson was afflicted with a severe attack of inflammatory sore eyes, and at the special instance of the superintendent was examined by the county physician, engaged by the Commissioners Court of Milam County, Texas, to watch over the health of the paupers and convicts on said county farm, who pronounced Anderson to be in a state of health that rendered him totally incapable of performing any work, and ordered that he be kept in the jail on said farm; and said Anderson, on account of said disability, and by the express order of said physician and superintendent, remained in jail until the 26th of July, 1894, a period of thirty-six days.

On the 28th of September, 1894, said Anderson having sued out a writ of habeas corpus, the case was tried before Hon. E. B. Muse,

county judge of Milam County, John T. Arnold, superintendent, appearing in person, and the relator Anderson in person and by his attorneys.

On the trial of this cause Superintendent Arnold stated, that said Anderson had only worked in the aggregate, days and fractions of days, a total of eighty-two days, and, at the rate of 50 cents per day, was only entitled to a credit of $41. He also presented an account against the said Anderson for clothing and tobacco, which he claimed should be added to the account of fine and costs held against said Anderson and worked out by said convict previous to his release. Said Superintendent Arnold testified, that Anderson had lost three and one-half days because the weather was too bad to permit outdoor farm work. He also testified, that the convicts under his charge receive no credit for time when the inclemency of the weather prevents outdoor labor on the farm, and that he never furnished them any indoor work; also, that Anderson had been unable to work during thirty-six days on account of sore eyes, and that he had allowed him no credit on his fine and costs for the time he was disabled.

Relator Anderson claimed that he had been detained for a much longer period than was necessary to liquidate in full the amount of fine and costs upon which he is held, to wit, the sum of $69.90, and that the inflammatory sore eyes with which he became afflicted on the 19th day of June, 1894, was occasioned by no fault of his, but that by reason of said affliction he was disabled from work, and that it was by order of the superintendent, Arnold, after being subjected to close examination by the county physician, that he was kept in the county jail for thirty-six days, and that for that period he was, on account of said disability, legally entitled to a credit of $1 per day, and for thirty-six days the sum of $36. That at all other times since he was placed in the custody of said Arnold, save and except the thirty-six days as aforesaid, said Anderson has been anxious and willing to work, and did work whenever called upon so to do; and that it was by no shirking or fault of his that he did not work each and every day, and that consequently he is entitled to be credited on said fine and costs with the sum of 50 cents for each day, or for 107 days the sum of $53.50.

*Terral & Oxenford*, for relator.

No brief for respondent.

DAVIDSON, JUDGE.—This is an appeal from an order of the county judge of Milam County refusing to discharge relator, who had been convicted of theft of property under $20, and his punishment assessed at one day in jail and a fine of $25, and all costs, making $69.90. The sheriff refusing to discharge relator, he sued out a writ of habeas corpus before the county judge, claiming that he had paid off and dis-

charged said fine and costs, claiming that he had worked on the county farm 107 days at 50 cents per day, and was disabled by sickness, as found by the county physician, for thirty-six days, during which time he was confined in jail, for which he was entitled to a credit of $1 per day, making $36. If relator was entitled to this last credit, then said county judge should have discharged him. Article 3595, Revised Statutes, provides: "A convict who, from age, disease, or other disability, physical or mental, is unable to do manual labor, shall not be required to work, but shall remain in jail until his term of imprisonment is ended, or until the fine and costs adjudged against him are discharged at the rate of $1 for each day of such confinement in jail." The proof shows that relator was actually sick, and that the county physician decided he was not able to do manual labor. In view of the facts of this case, we hold that the county judge erred in not discharging relator, and in failing to allow him credit for the time he was confined in jail, from sickness, at the rate of $1 per day.

The judgment of the court below is therefore reversed, and the relator ordered discharged.

*Reversed, and relator discharged.*

SIMKINS, Judge, absent.